Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Richard Kim (SBN: 272184)
Email: rkim@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., STE. 702
Los Angeles, CA 90010
Phone: 213-387-3630
Fax: 213-788-3365

*Attorneys for Plaintiff,
Spigen Korea Co., Ltd. and Spigen, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN KOREA CO., LTD., a Republic of Korea corporation; SPIGEN, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZEUS GROUP, INC., a California corporation; LIDA MAHMOUDE, an individual; NICLAS INGEMARSSON, an individual; CHRISTIAN FOUBERT, an individual; DOES 1 though 10, inclusive,<br><br>Defendants. | CASE No.:<br><br>**PLAINTIFFS' COMPLAINT FOR**<br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND**<br>**3. PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs SPIGEN KOREA CO., LTD. and SPIGEN, INC. ("Plaintiffs"), for their Complaint against Defendants ZEUS GROUP, INC., LIDA MAHMOUDE, NICLAS INGEMARSSON, and CHRISTIAN FOUBERT ("Defendants"), allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. and the patent laws of the United States, Title 35, United States Code;

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d), and/or 1400(b).

**PARTIES**

5. Plaintiff, SPIGEN KOREA CO., LTD., is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at 371-37 Kasandong, STX V-Tower #1709, Geumcheon-gu, Seoul, Republic Of Korea.

6. Plaintiff, SPIGEN, INC., is a corporation organized and existing under the laws of the State of California, with its principal place of business at 9838 Research Dr., Irvine, CA 92618. SPIGEN, INC. is a wholly-owned subsidiary of SPIGEN KOREA CO., LTD.  Hereinafter, SPIGEN KOREA CO., LTD. and SPIGEN, INC. are collectively referred to as "SPIGEN" or "Plaintiff".

7. Plaintiff is informed and believes, and thereon alleges, that defendant, ZEUS GROUP, INC. ("ZEUS") is a California corporation organized and existing under the laws of the State of California, with its place of business at 3728 W Warner Ave., Santa Ana, CA 92704.

8. Plaintiff is informed and believes, and thereon alleges, that defendant LIDA MAHMOUDE ("MAHMOUDE") is an individual with address of 2239 S Huron Dr., Santa Ana, CA 92704.

9. Plaintiff is informed and believes, and thereon alleges, that defendant

1 NICLAS INGEMARSSON ("INGEMARSSON") is an individual with address of
2 Svalvagen 18, Segeltorp, Sweden 14172.

3     10.    Plaintiff is informed and believes, and thereon alleges, that defendant
4 CHRISTIAN FOUBERT ("FOUBERT") is an individual with address of 407
5 Troycott Pl, Cary, NC 27519.  Hereinafter, ZEUS, MAHMOUDE, INGEMARSSON
6 and INGEMARSSON are collectively referred to as "Defendants".

7     11.    Plaintiff is unaware of the true names and capacities, whether
8 individual, corporate, or otherwise, of the Defendants named herein as Does 1
9 through 10, inclusive, but is informed and believes, and thereon alleges, that each of
10 the fictitiously named defendants engaged in, or is in some manner responsible for,
11 the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by
12 such fictitious names and will amend this complaint to state their true names and
13 capacities when such names have been discovered.

## FACTS COMMON TO ALL CLAIMS

15     12.    Plaintiff is a leading manufacturer and seller of cell phone cases and is
16 well known for its quality products.

17     13.    Plaintiff owns an original two-dimensional artwork used for purposes of
18 cell phone case design entitled "Spigen Case Inner Pattern Design" (the "Subject
19 Design"). Plaintiff has obtained a copyright registration for the Subject Design
20 (Copyright Registration No. VA0001933974). *See* Exhibit "A".

21     14.    Plaintiff has applied for design patent applications with the United
22 States Patent and Trademark Office for its cell phone case and obtained design
23 patents of U.S. Patent Nos. D747306 and D741845. Plaintiff is the owner of U.S.
24 Patent Nos. D747306 and D741845. *See* Exhibit "B" for U.S. Patent Nos. D737306
25 and D741845.

26     15.    Plaintiff has developed and marketed a case under the brand name
27 "Tough Armor" (hereinafter "Tough Armor case") and the Tough Armor case bears
28 the Subject Design. *See* Exhibit "C" for Spigen's Tough Armor case.

16. Plaintiff has a trademark registration for the mark "Tough Armor" with the United States Patent and Trademark Office. (Trademark Registration No. 4519530).

17. Prior to the acts complained of herein, Plaintiff has sold cell phone cases bearing the Subject Design, Tough Armor case and other Spigen cases to numerous parties in the industry.

18. Plaintiff is informed and believes and thereon alleges that, following this distribution of the Spigen cases, Defendants ZEUS and MAHMOUDE created, manufactured, caused to be manufactured, imported, distributed, and/or sold cell phone cases bearing a design (hereinafter "Zeox Accused Product") which is identical, or substantially similar, to the Subject Design without Plaintiff's authorization. *See* Exhibit "D".

19. Defendants ZEUS and MAHMOUDE sold and continue to sell the Zeox Accused Product on Amazon.com under the seller name "ZEOX". *See* Exhibit "D".

20. An image of the Subject Design and an exemplar of the Zeox Accused Product are set forth in Exhibit "E".

21. The Zeox Accused Product is identical to or at least substantially similar to Spigen's Tough Armor case. *See* Exhibit "E".

22. The Zeox Accused Product is so strikingly identical or substantially similar to Spigen's Tough Armor case and bears a design identical to or substantially similar to the Subject Design that the Zeox Accused Product is the result of unlawful and willful copying.

23. Plaintiff is informed and believes and thereon alleges that Defendants ZEUS and MAHMOUDE, and each of them, had access to Plaintiffs' Tough Armor case and other Spigen cell phone cases distributed on the market.

24. Plaintiff is informed and believes and thereon alleges that, following the distributions of the Spigen cases, Defendants INGEMARSSON and FOUBERT created, manufactured, caused to be manufactured, imported, distributed, and/or sold

cell phone cases bearing a design (hereinafter "Primed4u Accused Product") which is identical, or substantially similar, to the Subject Design without Plaintiff's authorization. *See* Exhibit "F".

25. Defendants INGEMARSSON and FOUBERT have sold the Primed4u Accused Product on Amazon.com under the seller name "Primed4u". *See* Exhibit "F".

26. An image of the Subject Design and an exemplar of the Primed4u Accused Product are set forth in Exhibit "G".

27. The primed4u Accused Product is identical to or at least substantially similar to Spigen's Tough Armor case. *See* Exhibit "G".

28. The Subject Product is so strikingly identical or substantially similar to Spigen's Tough Armor case and bears a design identical to or substantially similar to the Subject Design that the Primed4u Accused Product is the result of unlawful and willful copying.

29. Plaintiff is informed and believes and thereon alleges that Defendants INGEMARSSON and FOUBERT, and each of them, had access to Plaintiffs' Tough Armor case and other Spigen cell phone cases distributed on the market.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringements of the Subject Design – against all Defendants)

30. Plaintiff incorporates herein by reference all the allegations of paragraphs 1 through 29, inclusive.

31. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants had access to Plaintiff's Touch Armor case and other cell phone cases distributed on the market, including access to its Subject Design.

32. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants infringed Plaintiff's Subject Design by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and/or by producing, distributing and/or selling cell phone cases bearing a design

5

identical to or substantially similar to the Subject Design. Defendants' design is identical to or at least substantially similar to Plaintiff's Subject Design as shown in Exhibits "E" and "G".

33. Due to Defendants and DOE Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

34. Due to Defendants and DOE Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants and DOE Defendants' acts of copyright infringement as alleged herein, Defendants have obtained profits they would not otherwise have realized but for their infringements of the Subject Design.

36. Plaintiff is informed and believes and thereon alleges that the infringements of its Subject Design were willful, reckless, and/or in blatant disregard to its rights as a copyright holder such that a finding of willful copyright infringement is warranted, subjecting Defendants and DOE Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringements of
the Subject Design – against all Defendants)

37. Plaintiff incorporates herein by reference all the allegations of paragraphs 1 through 36, inclusive.

38. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Zeox Accused Product or the Primed4u Accused Product bearing designs identical to or substantially similar to the Subject Design as alleged herein.

39. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants are vicariously liable for the infringement alleged herein

because they had the right and ability to supervise the infringing conducts and because they had a direct financial interest in the infringing conducts.

40. By reason of the Defendants and DOE Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants and DOE Defendants' acts of copyright infringement as alleged herein, Defendants and DOE Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants and DOE Defendants' profits directly and indirectly attributable to the infringement of the Subject Design, in an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants and DOE Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

### **THIRD CLAIM FOR RELIEF**

(For Infringement of U.S. Patent No. D737,306 – against all Defendants)

43. Plaintiff incorporates herein by reference all the allegations of paragraphs 1 through 42, inclusive.

44. Plaintiff is the owner of all right, title, and interest in the U.S. Design Patent No. D737,306 (the "'306 patent"), entitled "Case for Electronic Devices", duly and properly issued by the U.S. Patent and Trademark Office on January 12, 2016. A copy of the '306 patent is attached as Exhibit "B".

45. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributorily infringing the '306 patent by, without

Plaintiff's permission, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by the claim of the '306 patent. *See* Exhibits "E" and "G".

46. Defendants have profited through infringement of the '306 patent. As a result of Defendants' unlawful infringement of the '306 patent, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover from Defendants the damages suffered by Plaintiff as a result of Defendants' unlawful acts.

47. Defendants' infringement is, on information and belief, willful, making this an exceptional case, entitling Plaintiff to enhanced damages and reasonable attorney's fees and costs.

48. On information and belief, Defendants intend to continue their unlawful infringing activity, and Plaintiff continues to and will continue to suffer irreparable harm — for which there is no adequate remedy at law — from such unlawful infringing activity unless Defendants are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff prays for relief as follows:

1. For compensatory damages in an amount to be determined upon proof at trial;

2. For disgorgement of profits and restoration of amounts by which Defendants were unjustly enriched;

3. For an award of all profits of Defendants plus all losses of Plaintiff, in an amount to be determined at trial;

4. For an injunctive relief prohibiting Defendants from infringing Plaintiff's copyright in any manner;

5. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff as a result of the conduct alleged herein;

6. For costs of suit including reasonable attorney's fees, as provided by the

8

Copyright law;

7. For prejudgment interest as provided by law;

8. For a judgment declaring that Defendants have infringed the '306 patent;

9. For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement of the '306 patent, together with interest and costs, and in no event less than a reasonable royalty;

10. For a judgment declaring that Defendants' infringement of the '306 patent has been willful and deliberate;

11. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendants' willful and deliberate infringement of the '306 patent;

12. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

13. For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement; and

14. For such other and further relief as the Court deems just and proper.

Dated: January 21, 2016

Respectfully submitted,

East West Law Group

By: /s/ Heedong Chae
Heedong Chae
Richard Kim
Attorneys for Plaintiffs
Spigen Korea Co., Ltd. and Spigen, Inc.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 21, 2016  East West Law Group

By: /s/ Heedong Chae
Heedong Chae
Richard Kim
Attorneys for Plaintiffs
Spigen Korea Co., Ltd. and Spigen, Inc.